**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EARL JONES, et al., | CASE NO. 1:11-cv-02104-AWI-DLB PC |
| Plaintiff, | ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS |
| v. | (ECF No. 6) |
| STATE OF CALIFORNIA, et al., | ORDER REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL WITHIN TWENTY-ONE DAYS |
| Defendants. | |

    Plaintiff Jason Earl Jones ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was granted in forma pauperis status on January 4, 2012. ECF No. 6.

    The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of court records has revealed that Plaintiff accrued at least three dismissals as malicious, frivolous, or for failure to state a claim as of May 19, 2010. The Court takes judicial notice of the following cases that qualify as strikes pursuant to 28 U.S.C. §

1915(g): *Jones v. Karpinski, et al.*, No. 2:08-cv-08495-UA-MLG (C.D. Cal.) (dismissed Jan. 15, 2009 as frivolous); *Jones v. United States of America, et al.*, No. 1:09-cv-00849-UNA (D.D.C.) (dismissed Jun. 25, 2009 for failure to state a claim); *Jones v. Karpinski, et al.*, No. 1:10-cv-00560-UNA (D.D.C.) (dismissed May 19, 2010 as frivolous).  Plaintiff thus is not allowed to proceed in forma pauperis in this action unless Plaintiff can demonstrate Plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  To meet the imminent danger requirement, the threat or prison condition must be real and proximate, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is filed, *Abdul-Akbar v. McKelvie*, 238 F.3d 307, 313-14 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff names numerous Defendants, including the California Correctional Peace Officers Association, the CDCR, the California Department of Justice, several former and current public officials, and prison officials at Kern Valley State Prison.  Plaintiff accuses them of retaliation, libel, and racketeering.  Plaintiff does not qualify for the imminent danger exception.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's in forma pauperis status is revoked;
2. Plaintiff is granted **twenty-one (21) days** from the date of service of this order by which to submit the full $350.00 filing fee;
3. If Plaintiff fails to timely submit the full filing fee in this action, this action will be dismissed without prejudice;
4. The Clerk of the Court is directed to return to Plaintiff any partial payment of the filing fee in this action, if any;
5. CDCR is no longer required to collect payments from Plaintiff's prison trust account to pay the filing fee for this action; and

6. The Clerk of the Court is directed to serve a copy of this order on the director of the CDCR or his designee.

IT IS SO ORDERED.

Dated: October 11, 2012

CHIEF UNITED STATES DISTRICT JUDGE